# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

### CLERK'S CERTIFICATE AND APPEALS COVER SHEET

### ABBREVIATED ELECTRONIC RECORD

Case Caption: _Draper et al v. Healey_

District Court Number: _14cv12471-NMG_

Fee:     Paid?   Yes _X_   No _____   Government filer _____   _In Forma Pauperis_ Yes _____   No _____

| | | | |
|---|---|---|---|
| Motions Pending | Yes ___ No _X_ | Sealed documents | Yes ___ No _X_ |
| _If yes, document #_ | _____ | _If yes, document #_ | _____ |
| _Ex parte_ documents | Yes ___ No _X_ | Transcripts | Yes ___ No _X_ |
| _If yes, document #_ | _____ | _If yes, document #_ | _____ |

Notice of Appeal filed by: Plaintiff/Petitioner _X_    Defendant/Respondent _____    Other: _____

Appeal from:

## #45 Memorandum and Order, #46 Order of Dismissal
Other information:

I, Robert M. Farrell, Clerk of the United States District Court for the District of Massachusetts, do hereby certify that the annexed electronic documents:

## #45, #46, and #47
with the electronic docket sheet, constitute the abbreviated record on appeal in the above entitled case for the Notice of Appeal # _47_ filed on _April 3, 2015_.

In testimony whereof, I hereunto set my hand and affix the seal of this Court on _April 9, 2015_.

**ROBERT M. FARRELL**
Clerk of Court

_/s/Matthew A. Paine_
Deputy Clerk

COURT OF APPEALS DOCKET NUMBER ASSIGNED: _____

**PLEASE RETURN TO THE USDC CLERK'S OFFICE**

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:14−cv−12471−NMG

Draper et al v. Healey

Assigned to: Judge Nathaniel M. Gorton

Cause: 28:2201 Constitutionality of State Statute(s)

Date Filed: 06/11/2014

Date Terminated: 03/05/2015

Jury Demand: None

Nature of Suit: 950 Constitutional − State Statute

Jurisdiction: Federal Question

**Plaintiff**

**Robert Draper**  represented by  **Alexander A. Flig**
Law Office of Alexander A. Flig
Suite 201
490 Chapman Street
Canton, MA 02021−2039
781−352−7260
Fax: 781−583−5080
Email: alex@fliglaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ariel Weisberg**  represented by  **Alexander A. Flig**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Donna Major**  represented by  **Alexander A. Flig**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Eric Notkin**  represented by  **Alexander A. Flig**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Robert Boudrie**  represented by  **Alexander A. Flig**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Brent Carlton**                        represented by   **Alexander A. Flig**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**Concord Armory, LLC**                  represented by   **Alexander A. Flig**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**Precision Point Firearms, LLC**        represented by   **Alexander A. Flig**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**Commonwealth Second Amendment,**       represented by   **Alexander A. Flig**
**Inc.**                                                  (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**Second Amendment Foundation, Inc.**    represented by   **Alexander A. Flig**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

V.

<u>Defendant</u>

**Maura T. Healey**                      represented by   **Glenn S. Kaplan**
                                                          Massachsuetts Office of the Attorney
                                                          General
                                                          One Ashburton Place, 18th Flr.
                                                          Boston, MA 02108
                                                          (617) 963–2453
                                                          Fax: 617–727–1047
                                                          Email: <u>Glenn.Kaplan@state.ma.us</u>
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Eric M. Gold**
                                                          Office of the Attorney General Martha
                                                          Coakley
                                                          One Ashburton Place
                                                          Boston, MA 02108
                                                          617–310–5226

Fax: 617–897–0936
Email: eric.gold@state.ma.us
*ATTORNEY TO BE NOTICED*

**Lydia E. French**
Office of the Attorney General Martha
Coakley
One Ashburton Place
Boston, MA 02108
617–963–2314
Email: lydia.french@massmail.state.ma.us
*ATTORNEY TO BE NOTICED*

**Amicus**

| | | |
|---|---|---|
| **Brady Center to Prevent Gun Violence** | represented by | **John E. Roberts**<br>Proskauer Rose LLP<br>One International Place<br>Boston, MA 02210<br>(617) 526–9600<br>Email: jroberts@proskauer.com<br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED*<br><br>**L. Scott Harshbarger**<br>Proskauer Rose, LLP<br>22nd Floor<br>One International Place<br>Boston, MA 02110<br>617–526–9600<br>Email: sharshbarger@proskauer.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Laura E. Stafford**<br>Proskauer Rose, LLP<br>22nd Floor<br>One International Place<br>Boston, MA 02110<br>617–526–9600<br>Email: lstafford@proskauer.com<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 06/11/2014 | 1 | | COMPLAINT *Draper, et al.* against Martha M. Coakley Filing fee: $ 400, receipt number 0101–5051319 (Fee Status: Filing Fee paid), filed by Robert Boudrie, Brent Carlton, Commonwealth Second Amendment, Inc., Concord Armory, LLC, Robert Draper, Donna Major, Robert Notkin, Precision Point Firearms, LLC, Second Amendment Foundation, Inc., Ariel Weisberg. (Attachments: # 1 Civil Cover Sheet, # 2 Civil Cover Sheet)(Flig, Alexander) |

| | | | (Attachment 1 replaced on 6/11/2014) (Danieli, Chris). (Attachment 2 replaced on 6/11/2014) (Danieli, Chris). (Entered: 06/11/2014) |
|---|---|---|---|
| 06/11/2014 | 2 | | ELECTRONIC NOTICE of Case Assignment. Judge Nathaniel M. Gorton assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Judith G. Dein. (Folan, Karen) (Entered: 06/11/2014) |
| 06/11/2014 | 3 | | Summons Issued as to Martha M. Coakley. **Counsel receiving this notice electronically should download this summons, complete one for each defendant and serve it in accordance with Fed.R.Civ.P. 4 and LR 4.1. Summons will be mailed to plaintiff(s) not receiving notice electronically for completion of service.** (Danieli, Chris) (Entered: 06/11/2014) |
| 06/17/2014 | 4 | | EXHIBIT re 1 Complaint,, by Robert Boudrie, Brent Carlton, Commonwealth Second Amendment, Inc., Concord Armory, LLC, Robert Draper, Donna Major, Eric Notkin, Precision Point Firearms, LLC, Second Amendment Foundation, Inc., Ariel Weisberg. (Attachments: # 1 Exhibit (File 1 of 4): Exhibits 1 – 22, # 2 Exhibit (File 2 of 4): Exhibits 23 – 30, # 3 Exhibit (File 3 of 4): Exhibits 31 – 35, # 4 Exhibit (File 4 of 4): Exhibits 36 – 43)(Flig, Alexander) (Entered: 06/17/2014) |
| 07/01/2014 | 5 | | MOTION for Extension of Time to 8/22/2014 to Respond to Complaint by Martha M. Coakley.(Gold, Eric) (Entered: 07/01/2014) |
| 07/02/2014 | 6 | | Judge Nathaniel M. Gorton: ELECTRONIC ORDER entered granting 5 Motion for Extension of Time to Respond to Complaint. (Patch, Christine) (Entered: 07/02/2014) |
| 07/04/2014 | 7 | | Opposition re 5 MOTION for Extension of Time to 8/22/2014 to Respond to Complaint filed by Robert Boudrie, Brent Carlton, Commonwealth Second Amendment, Inc., Concord Armory, LLC, Robert Draper, Donna Major, Eric Notkin, Precision Point Firearms, LLC, Second Amendment Foundation, Inc., Ariel Weisberg. (Flig, Alexander) (Entered: 07/04/2014) |
| 08/11/2014 | 8 | | NOTICE of Appearance by Glenn S. Kaplan on behalf of Martha M. Coakley (Kaplan, Glenn) (Entered: 08/11/2014) |
| 08/22/2014 | 9 | | MOTION to Dismiss by Martha M. Coakley.(Kaplan, Glenn) (Entered: 08/22/2014) |
| 08/22/2014 | 10 | | MOTION for Leave to File *Memorandum of Law in Excess of 20 Pages* by Martha M. Coakley. (Attachments: # 1 Exhibit Memorandum of Law)(Kaplan, Glenn) (Entered: 08/22/2014) |
| 08/25/2014 | 11 | | Judge Nathaniel M. Gorton: ELECTRONIC ORDER entered granting 10 Motion for Leave to File Excess Pages ; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include – Leave to file granted on (date of order)– in the caption of the document. (Moore, Kellyann) (Entered: 08/25/2014) |
| 08/25/2014 | 12 | | MEMORANDUM in Support re 9 MOTION to Dismiss filed by Martha M. Coakley. (Kaplan, Glenn) (Entered: 08/25/2014) |
| 08/29/2014 | 13 | | |

| | | | |
|---|---|---|---|
| | | | MOTION to Stay by Martha M. Coakley.(Kaplan, Glenn) (Entered: 08/29/2014) |
| 09/05/2014 | 14 | | Assented to MOTION for Extension of Time to 9/12/2014 to File *Opposition to Motion to Dismiss* by Robert Boudrie, Brent Carlton, Commonwealth Second Amendment, Inc., Concord Armory, LLC, Robert Draper, Donna Major, Eric Notkin, Precision Point Firearms, LLC, Second Amendment Foundation, Inc., Ariel Weisberg.(Flig, Alexander) (Entered: 09/05/2014) |
| 09/05/2014 | 15 | | Judge Nathaniel M. Gorton: ELECTRONIC ORDER entered granting 14 Motion for Extension of Time to File Opposition to Motion to Dismiss. (Patch, Christine) (Entered: 09/05/2014) |
| 09/05/2014 | 16 | | Set/Reset Deadlines as to 9 MOTION to Dismiss . Responses due by 9/12/2014 (Patch, Christine) (Entered: 09/05/2014) |
| 09/12/2014 | 17 | | Second MOTION for Extension of Time to 17 September 2014 to File Opposition to Motion to Dismiss by Robert Boudrie, Brent Carlton, Commonwealth Second Amendment, Inc., Concord Armory, LLC, Robert Draper, Donna Major, Eric Notkin, Precision Point Firearms, LLC, Second Amendment Foundation, Inc., Ariel Weisberg.(Flig, Alexander) (Entered: 09/12/2014) |
| 09/12/2014 | 18 | | First MOTION for Leave to File Excess Pages by Robert Boudrie, Brent Carlton, Commonwealth Second Amendment, Inc., Concord Armory, LLC, Robert Draper, Donna Major, Eric Notkin, Precision Point Firearms, LLC, Second Amendment Foundation, Inc., Ariel Weisberg.(Flig, Alexander) (Entered: 09/12/2014) |
| 09/12/2014 | 19 | | Judge Nathaniel M. Gorton: ELECTRONIC ORDER entered granting 17 Motion for Extension of Time; granting 18 Motion for Leave to File Excess Pages ; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include – Leave to file granted on (date of order)– in the caption of the document. (Patch, Christine) (Entered: 09/12/2014) |
| 09/12/2014 | 20 | | Set/Reset Deadlines as to 9 MOTION to Dismiss . Responses due by 9/17/2014 (Patch, Christine) (Entered: 09/12/2014) |
| 09/12/2014 | 21 | | Opposition re 13 MOTION to Stay filed by Robert Boudrie, Brent Carlton, Commonwealth Second Amendment, Inc., Concord Armory, LLC, Robert Draper, Donna Major, Eric Notkin, Precision Point Firearms, LLC, Second Amendment Foundation, Inc., Ariel Weisberg. (Flig, Alexander) (Entered: 09/12/2014) |
| 09/18/2014 | 22 | | Opposition re 9 MOTION to Dismiss filed by Robert Boudrie, Brent Carlton, Commonwealth Second Amendment, Inc., Concord Armory, LLC, Robert Draper, Donna Major, Eric Notkin, Precision Point Firearms, LLC, Second Amendment Foundation, Inc., Ariel Weisberg. (Attachments: # 1 Exhibit Exhibit "A", # 2 Affidavit Declaration in Support of Opposition to Motion to Dismiss (Comm2A), # 3 Affidavit Declaration in Support of Opposition to Motion to Dismiss (SAF))(Flig, Alexander) (Entered: 09/18/2014) |
| 10/01/2014 | 23 | | MOTION for Leave to File *A Reply Memorandum* by Martha M. Coakley. |

| | | | |
|---|---|---|---|
| | | | (Attachments: # 1 Exhibit Reply Memorandum)(Kaplan, Glenn) (Entered: 10/01/2014) |
| 10/02/2014 | 24 | | Judge Nathaniel M. Gorton: ELECTRONIC ORDER entered granting 23 Motion for Leave to File Document ; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include – Leave to file granted on (date of order)– in the caption of the document. (Patch, Christine) (Entered: 10/02/2014) |
| 10/02/2014 | 25 | | REPLY to Response to 9 MOTION to Dismiss filed by Martha M. Coakley. (Kaplan, Glenn) (Entered: 10/02/2014) |
| 10/03/2014 | 26 | | NOTICE of Appearance by L. Scott Harshbarger on behalf of Brady Center to Prevent Gun Violence (Harshbarger, L.) (Entered: 10/03/2014) |
| 10/03/2014 | 27 | | NOTICE of Appearance by Laura E. Stafford on behalf of Brady Center to Prevent Gun Violence (Stafford, Laura) (Entered: 10/03/2014) |
| 10/03/2014 | 28 | | Assented to MOTION for Leave to Appear Pro Hac Vice for admission of John E. Roberts Filing fee: $ 100, receipt number 0101–5218548 by Brady Center to Prevent Gun Violence. (Attachments: # 1 Exhibit A – Declaration of John E. Roberts)(Stafford, Laura) (Entered: 10/03/2014) |
| 10/03/2014 | 29 | | MOTION for Leave to File *Brief as Amicus Curiae in Support of Defendant's Motion to Dismiss* by Brady Center to Prevent Gun Violence. (Attachments: # 1 Exhibit A – Proposed amicus brief)(Harshbarger, L.) (Entered: 10/03/2014) |
| 10/06/2014 | 30 | | Judge Nathaniel M. Gorton: ELECTRONIC ORDER entered granting 28 Motion for Leave to Appear Pro Hac Vice Added John E. Roberts. **Attorneys admitted Pro Hac Vice must register for electronic filing if the attorney does not already have an ECF account in this district. To register go to the Court website at www.mad.uscourts.gov. Select Case Information, then Electronic Filing (CM/ECF) and go to the CM/ECF Registration Form.** (Moore, Kellyann) (Entered: 10/06/2014) |
| 10/06/2014 | 31 | | Judge Nathaniel M. Gorton: ELECTRONIC ORDER entered granting 29 Motion for Leave to File Document ; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include – Leave to file granted on (date of order)– in the caption of the document. (Moore, Kellyann) (Entered: 10/06/2014) |
| 10/06/2014 | 32 | | AMICUS BRIEF filed by Brady Center to Prevent Gun Violence *in Support of Defendant's Motion to Dismiss all Claims*. (Harshbarger, L.) (Entered: 10/06/2014) |
| 10/08/2014 | 33 | | Assented to MOTION for Leave to File *Sur–Reply to the defendant ATTORNEY GENERAL's Reply Memorandum* by Robert Boudrie, Brent Carlton, Commonwealth Second Amendment, Inc., Concord Armory, LLC, Robert Draper, Donna Major, Eric Notkin, Precision Point Firearms, LLC, Second Amendment Foundation, Inc., Ariel Weisberg.(Flig, Alexander) (Entered: 10/08/2014) |
| 10/08/2014 | 34 | | MOTION for Leave to File *Response Memorandum to Amicus Brady Center to Prevent Gun Violence Amicus Memorandum* by Robert Boudrie, Brent |

| | | | |
|---|---|---|---|
| | | | Carlton, Commonwealth Second Amendment, Inc., Concord Armory, LLC, Robert Draper, Donna Major, Eric Notkin, Precision Point Firearms, LLC, Second Amendment Foundation, Inc., Ariel Weisberg.(Flig, Alexander) (Entered: 10/08/2014) |
| 10/09/2014 | 35 | | Judge Nathaniel M. Gorton: ELECTRONIC ORDER entered granting 33 Motion for Leave to File Document; granting 34 Motion for Leave to File Document ; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include – Leave to file granted on (date of order)– in the caption of the document. Sur–Reply and Reply Memoranda not to exceed 7 pages. (Patch, Christine) (Entered: 10/09/2014) |
| 10/24/2014 | 36 | | Assented to REPLY to Response to 23 MOTION for Leave to File *A Reply Memorandum* filed by Robert Boudrie, Brent Carlton, Commonwealth Second Amendment, Inc., Concord Armory, LLC, Robert Draper, Donna Major, Eric Notkin, Precision Point Firearms, LLC, Second Amendment Foundation, Inc., Ariel Weisberg. (Flig, Alexander) (Entered: 10/24/2014) |
| 10/31/2014 | 37 | | Opposition re 29 MOTION for Leave to File *Brief as Amicus Curiae in Support of Defendant's Motion to Dismiss* filed by Robert Boudrie, Brent Carlton, Commonwealth Second Amendment, Inc., Concord Armory, LLC, Robert Draper, Donna Major, Eric Notkin, Precision Point Firearms, LLC, Second Amendment Foundation, Inc., Ariel Weisberg. (Flig, Alexander) (Entered: 10/31/2014) |
| 11/13/2014 | 38 | | NOTICE of Appearance by Lydia E. French on behalf of Martha M. Coakley (French, Lydia) (Entered: 11/13/2014) |
| 11/13/2014 | 39 | | Addendum to 37 Opposition re 29 Motion for Leave to File Brief Amicus Curiae by Robert Boudrie, Brent Carlton, Commonwealth Second Amendment, Inc., Concord Armory, LLC, Robert Draper, Donna Major, Eric Notkin, Precision Point Firearms, LLC, Second Amendment Foundation, Inc., Ariel Weisberg (Attachments: # 1 Errata Opposition to Amicus Brief with CORRECT Exhibit Substituted for Originally Filed Incorrect Exhibit)(Flig, Alexander) Modified on 11/19/2014 (Moore, Kellyann). (Entered: 11/13/2014) |
| 02/05/2015 | 40 | | ELECTRONIC NOTICE Setting Hearing on Motion 9 MOTION to Dismiss : Motion Hearing set for 2/19/2015 11:00 AM in Courtroom 4 before Judge Nathaniel M. Gorton. (Patch, Christine) Modified on 2/5/2015 to correct Motion which will be heard (Patch, Christine). (Entered: 02/05/2015) |
| 02/05/2015 | 41 | | Judge Nathaniel M. Gorton: ELECTRONIC ORDER entered denying 13 Motion to Stay (Patch, Christine) (Entered: 02/05/2015) |
| 02/05/2015 | 42 | | Notice of correction to docket made by Court staff. Correction: Document No. 40 corrected because: the hearing will only be on the Motion to Dismiss (Docket No. 9) (Patch, Christine) (Entered: 02/05/2015) |
| 02/12/2015 | 43 | | ELECTRONIC NOTICE Resetting Hearing on Motion 9 MOTION to Dismiss : Motion Hearing set for 2/19/2015 03:00 PM in Courtroom 4 before Judge Nathaniel M. Gorton. NOTE – CHANGE IS AS TO TIME ONLY. (Patch, Christine) (Entered: 02/12/2015) |

| 02/19/2015 | 44 | | ELECTRONIC Clerk's Notes for proceedings held before Judge Nathaniel M. Gorton: Motion Hearing held on 2/19/2015 re 9 MOTION to Dismiss filed by Martha M. Coakley. Court hears arguments of counsel on the motion and takes the matter under advisement. (Court Reporter: Debra Lajoie at ylajoied@yahoo.com.)(Attorneys present: Flig, Kaplan, French) (Patch, Christine) (Entered: 02/19/2015) |
|---|---|---|---|
| 03/05/2015 | 45 | 9 | Judge Nathaniel M. Gorton: MEMORANDUM &ORDER entered granting 9 Motion to Dismiss (Danieli, Chris) (Entered: 03/05/2015) |
| 03/05/2015 | 46 | 27 | Judge Nathaniel M. Gorton: ORDER entered. ORDER DISMISSING CASE(Danieli, Chris) (Entered: 03/05/2015) |
| 04/03/2015 | 47 | 28 | NOTICE OF APPEAL as to 46 Order Dismissing Case, 45 Order on Motion to Dismiss by Robert Boudrie, Brent Carlton, Concord Armory, LLC, Robert Draper, Donna Major, Eric Notkin, Precision Point Firearms, LLC, Second Amendment Foundation, Inc., Ariel Weisberg Filing fee: $ 505, receipt number 0101–5496204 Fee Status: Not Exempt. NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the First Circuit Court of Appeals web site at http://www.ca1.uscourts.gov MUST be completed and submitted to the Court of Appeals. **Counsel shall register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf. Counsel shall also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf.** **US District Court Clerk to deliver official record to Court of Appeals by 4/23/2015. (Flig, Alexander) (Entered: 04/03/2015)** |

United States District Court
District of Massachusetts

| | |
|---|---|
| ROBERT DRAPER, ARIEL WEISBERG, DONNA MAJOR, ERIC NOTKIN, ROBERT BOUDRIE, BRENT CARLTON, CONCORD ARMORY, LLC, PRECISION POINT FIREARMS, LLC, COMMONWEALTH SECOND AMENDMENT, INC. and SECOND AMENDMENT FOUNDATION, INC., ) ) ) ) ) ) ) ) ) ) | Civil Action No. 14-12471-NMG |
| Plaintiffs, ) ) | |
| v. ) ) | |
| MAURA T. HEALEY, ) ) | |
| Defendant. ) | |

<u>MEMORANDUM & ORDER</u>

GORTON, J.

Plaintiffs bring this action challenging the enforceability of 940 C.M.R § 16.05(3) ("the regulation"), a state regulation promulgated by defendant Attorney General of the Commonwealth of Massachusetts ("the AG") that requires load indicators or magazine disconnects on handguns sold by handgun dealers.[1]

There are three categories of plaintiffs: 1) individuals: Robert Draper, Ariel Weisberg, Donna Major, Eric Notkin, Robert Boudrie and Brent Carlton (collectively "consumer plaintiffs"), 2) business entities: Concord Armory, LLC and Precision Point

---

[1] This case was initially brought against former Attorney General of Massachusetts, Martha Coakley. In January, 2015, she was succeeded in office by Maura Healey.

Firearms, LLC (collectively "dealer plaintiffs") and 3) non-profit organizations: Commonwealth Second Amendment, Inc. and Second Amendment Foundation, Inc. (collectively "organization plaintiffs").

I.   **Background**

    A.   **Challenged regulation**

In 1997, the Attorney General of Massachusetts promulgated 940 CMR 16.00 et seq, a series of regulations relating to the sale of handguns within the Commonwealth.  Plaintiffs bring constitutional challenges to subsection (3) of 940 C.M.R § 16.05: Sale of Handguns Without Childproofing or Safety Devices which states that

> [i]t shall be an unfair or deceptive practice for a handgun-purveyor to transfer or offer to transfer to any customer located within the Commonwealth any handgun which does not contain a load indicator or magazine safety disconnect.

940 CMR 16.05(3).  The complaint specifically challenges the portion of the regulation that offers a load indicator as one alternative way to meet the safety standard.  A load indicator is defined within the regulation as

> a device which plainly indicates that a cartridge is in the firing chamber within the handgun.

940 CMR 16.01.

**B.    Procedural history**

Between December, 2013 and May, 2014, various dealer and consumer plaintiffs sent letters to the AG inquiring whether the Generations 3 and 4 Glock pistols ("Gen3/4 Glock pistols") violate the regulation.  In April and May, 2014, the Deputy Chief of the Attorney General's Consumer Protection Division responded to those letters explaining that the handguns presently manufactured by Glock are noncompliant "because they lack an effective load indicator or magazine safety disconnect."

In June, 2014, plaintiffs filed a complaint seeking declaratory judgments that the regulation 940 CMR 16.05(3) 1) violates the rights to due process under the Fourteenth Amendment of the dealer and organization plaintiffs because it is void for vagueness and void as applied and 2) violates the Second Amendment rights of the consumer plaintiffs.  Defendant, in response, moved to dismiss the case and extensive briefing ensued.  The Brady Center to Prevent Gun Violence also submitted an amicus brief in support of the defendant.

Oral argument on defendant's motion to dismiss was held in February, 2015.  For the reasons that follow, defendant's motion will be allowed.

**II.  <u>Standing</u>**

Defendant contends that the case should be dismissed because all plaintiffs lack standing.

### A.   Legal standard

Standing is a prerequisite for Article III jurisdiction and must be determined before addressing the merits of the case. See Sutliffe v. Epping Sch. Dist., 584 F.3d 314, 325 (1st Cir. 2009).  In order to establish standing, a plaintiff must show 1) an injury in fact, 2) a causal connection between the injury and the conduct complained of and 3) a likelihood that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).  An injury in fact is one that is "concrete and particularized [and] actual or imminent, not conjectural or hypothetical". Id. at 560 (internal citations and quotations omitted).

### B.   Application

#### 1.   Organization plaintiffs

An organization may bring suit on behalf of itself or its members

> when its members would otherwise have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 181 (2000).

Defendant contends that the two organization plaintiffs lack standing because they do not allege harm to themselves or

to their members.  The AG further notes that none of the claims
in the complaint is brought by the organizations.

Organization plaintiffs respond that they have standing to
sue in their own right despite never having attempted to
purchase a Gen3/4 Glock pistol in Massachusetts because they
have spent time and resources analyzing the regulation and that
they have incurred financial loss in sponsoring the lawsuit.
These investments do not, however, serve as a concrete injury to
the organizations.  Plaintiff Second Amendment Foundation also
alleges injury based on the fact that it raffles firearms to its
members every year, including at least one Glock pistol, and if
the winner of that pistol were in Massachusetts, then it could
not transfer the prize to the winner due to the regulation.  The
Court concludes that this injury is too speculative to qualify
as an "injury in fact".  The organization plaintiffs therefore
lack standing to sue on their own behalf.

With respect to its standing to sue on behalf of its
members, Second Amendment Foundation claims to have 8,066
"members and supporters" in Massachusetts, of which 1,847 are
current paid members.  It has not identified, however, any
specific members who have attempted to purchase Glocks in the
Commonwealth or who were dissuaded from selling Glocks because
of the regulation. See Summers v. Earth Island Inst., 555 U.S.
488, 498-99 (2009) (noting that "the affidavit provided by the

-5-

city to establish standing would be insufficient because it did not name the individuals who were harmed by the challenged [regulation]"); <u>Fletcher</u> v. <u>Haas</u>, 851 F. Supp. 2d 287, 291 (D. Mass. 2012) ("Plaintiff organizations fall short of demonstrating Article III standing. Neither SAF nor CSA has identified a *single* member who sought to obtain a license to carry a firearm in Massachusetts, let alone was denied.") (emphasis in the original).

Commonwealth Second Amendment likewise has failed to identity affected members.  In fact, it not does appear to have members.  The organization only claims to have 835 donors, many of whom reside in Massachusetts.  The organization cannot, therefore, sue on behalf of members who do not exist.

Accordingly, the organization plaintiffs will be dismissed for lack of standing.

### 2.   Dealer plaintiffs

Defendant asserts that the dealer plaintiffs do not have standing because they fail to make a sufficient allegation of injury related to their challenge of the regulation.  The AG contends that her office made clear that the handguns at issue violated the regulation and therefore the plaintiffs' injury could not be their uncertainty as to the pistols' compliance.

Plaintiffs respond that although they were informed that the Gen3/4 Glock pistols were noncompliant with the regulation,

they have standing because there is ongoing uncertainty as to which firearms contain an acceptable load indicator.

The Court agrees that the dealer plaintiffs have sufficiently alleged an injury caused by the regulation and redressable by injunctive relief.

### 3.   Consumer plaintiffs

Finally, defendant contends that consumer plaintiffs lack standing because the regulation does not implicate the Second Amendment and therefore they have failed to allege a cognizable injury.

Plaintiffs respond that defendant conflates standing to sue with stating a cognizable injury under the Second Amendment. Instead, they argue that the injury results from the regulation's vague definition of load indicator which makes it more difficult or impossible for consumers to purchase Gen3/4 Glock pistols.

The Court concludes that the consumer plaintiffs have standing because they have submitted evidence indicating that various consumer plaintiffs attempted to purchase a Gen3/4 Glock pistol but were unable or dissuaded to do so because of the regulation.

-7-

## III. <u>Defendant's motion to dismiss for failure to state a claim</u>

### A.   Legal standard

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." <u>Bell Atl. Corp.</u> v. <u>Twombly</u>, 550 U.S. 544, 570 (2007).  The Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. <u>Langadinos</u> v. <u>Am. Airlines, Inc.</u>, 199 F.3d 68, 69 (1st Cir. 2000).  The Court, however, need not accept legal conclusions as true. <u>Ashcroft</u> v. <u>Iqbal</u>, 129 S. Ct. 1937, 1949 (2009).  Threadbare recitals of the legal elements, supported by mere conclusory statements, do not suffice to state a cause of action. <u>Id.</u>  Accordingly, a complaint does not state a claim for relief where the well-pled facts fail to warrant an inference of any more than the mere possibility of misconduct. <u>Id.</u> at 1950.

### B.   Application

#### 1.   Due Process under the Fourteenth Amendment (Count I)

##### a.   Facial challenge

For a regulation to be facially void, plaintiffs must prove that "no set of circumstances exists under which the [regulation] would be valid." <u>United States</u> v. <u>Salerno</u>, 481 U.S. 739, 745 (1987).  This standard amounts to a "dauntingly high

hurdle." <u>Donovan</u> v. <u>City of Haverhill</u>, 311 F.3d 74, 77 (1st Cir. 2002).

The dealer plaintiffs contend that the regulation's definition of "load indicator" is facially vague in violation of the Fourteenth Amendment's Due Process Clause.  They aver that the regulation does not provide any guidance about what the load indicator "device" must be and how it is to "plainly indicate" that a cartridge is in the firing chamber.  They claim that the vagueness in the definition creates the potential for absurd results and arbitrary enforcement because no one can determine with any reasonable degree of certainty whether a handgun complies with the regulation.

As a preliminary matter, facial challenges are typically disfavored because they "often rest on speculation," which lead to the risk of premature interpretation of statutes and regulations. <u>Washington State Grange</u> v. <u>Washington State Republican Party</u>, 552 U.S. 442, 450 (2008).  Accordingly, facial challenges outside of the First Amendment context have been rare in this circuit.  As the First Circuit Court of Appeals has stated,

> [i]t is well-established that vagueness challenges to statutes not threatening First Amendment interests are examined in light of the facts of the case at hand; the statute is judged on an as-applied basis.

-9-

Love v. Butler, 952 F.2d 10, 13 (1st Cir. 1991) (citing Maynard v. Cartwright, 486 U.S. 356, 361 (1988)).

In any event, so long as there is some application under which the regulation would not be vague, a facial vagueness claim cannot stand. See Richmond Boro Gun Club, Inc. v. City of New York, 97 F.3d 681, 684 (2d Cir. 1996) (a restriction on firearms where the pistol grip "protrudes conspicuously" is not facially vague under the "no circumstances" test when "it is obvious in this case that there exist numerous conceivably valid applications").

Here, defendant has offered several examples of firearms where it is clear that they would fail to meet the regulation's standards. See, e.g., Smith ex rel. Smith v. Bryco Arms, 33 P.3d 638, 641 (N.M. App. 2001) ("the J-22 handgun does not incorporate a 'magazine-out safety,' a 'chamber load indicator,' or a written warning on the gun itself alerting users that the J-22 can fire even though the magazine has been removed"); Pitonyak v. State, 253 S.W.3d 834, 845 (Tex. App. 2008) ("the pistol in question did not have a safety or a loading indicator to show that a bullet is in the firing chamber").

Accordingly, plaintiffs' facial challenge to the regulation will be dismissed.

-10-

### b.  Vague as-applied

A regulation is unconstitutionally vague as applied to

plaintiffs if it fails to provide

> a person of ordinary intelligence fair notice of what
> is prohibited, or is so standardless that it
> authorizes or encourages seriously discriminatory
> enforcement.

Holder v. Humanitarian Law Project, 561 U.S. 1, 18 (2010)

(quoting United States v. Williams, 553 U.S. 285, 304 (2008)).

Outside of the First Amendment context, the Court need only

determine whether the regulation is vague as applied to the

particular facts at issue, i.e. "whether [plaintiffs] in fact

had fair notice that the [regulation] proscribed their

[proposed] conduct." United States v. Zhen Zhou Wu, 711 F.3d 1,

15 (1st Cir.) cert. denied sub nom. Yufeng Wei v. United States,

134 S. Ct. 365 (2013).

The dealer plaintiffs contend that the regulation is vague

as applied because they cannot determine with any reasonable

certainty whether Gen3/4 Glock pistols are compliant.  Although

they do not dispute that they received actual notice from the AG

that the Gen3/4 Glocks fail to comport with the regulation, they

claim lack of fair notice because the AG's response failed to

explain why the Gen3/4 Glock pistols do not meet the regulatory

standard or how she came to that conclusion.

-11-

Defendant responds that the plaintiffs have failed to allege a viable vague as-applied claim under either prong of the vague as-applied inquiry because 1) the plaintiffs had actual knowledge that the Gen3/4 Glock pistols violated the regulation, 2) the phrases in the definition of "load indicator" have meanings in common usage that meet the requirements of fair notice and 3) plaintiffs have failed to make any allegation of discriminatory enforcement.

The Court concludes that the plaintiffs' knowledge and receipt of actual notice that the Gen3/4 Glock pistols are noncompliant defeat their as-applied challenge to the regulation. See Zhen Zhou Wu, 711 F.3d at 16 (holding that the challengers of the regulation cannot claim they lacked fair notice because they "knew they were violating U.S. export regulations."); United States v. Saffo, 227 F.3d 1260, 1270 (10th Cir. 2000) (holding that a statute is not unconstitutionally vague as applied to defendant Saffo because "evidence produced at trial demonstrates that Saffo had knowledge of the illegality of her activities, and thus this is not a situation where she could not reasonably understand that her contemplated conduct is proscribed." (internal citation and quotation omitted)).

In this case, the dealer plaintiffs admit that they were aware that the regulation foreclosed the transfer or sale of the

-12-

Glock pistols at issue.  The plaintiffs' argument that the AG never explained why the Glock load indicators fail the regulatory standard is irrelevant to the constitutional vagueness challenge.  The vagueness doctrine is concerned with whether the plaintiffs, as people of ordinary intelligence, can determine if the Gen3/4 Glock pistols comply with the regulation and not with why or how the AG reached her conclusion.  See Williams, 553 U.S. 285, 304 (2008).

To the extent that the dealer plaintiffs contend that the regulation is vague with respect to potential sales restrictions of other handguns, their argument fails.  Civil regulations that govern commercial conduct are held to a lower standard than criminal statutes in the vagueness analysis.  See Papachristou v. City of Jacksonville, 405 U.S. 156, 162 (1972) ("In the field of regulatory statutes governing business activities, where the acts limited are in a narrow category, greater leeway is allowed"); Home Depot, Inc. v. Guste, 773 F.2d 616, 629 (5th Cir. 1985) ("lax vagueness standard [is] applicable to statutes regulating economic activity").  The regulatory language at issue here, "a device which plainly indicates," is composed of words in common usage and with common meaning.  The words are straightforward both individually and in context because they describe that the purpose of a load indicator in a handgun is to inform a user unequivocally that the gun is loaded.  The Court

-13-

concludes that the language of the regulation provides clear
guidance for and fair notice to firearms dealers of ordinary
intelligence.

Plaintiffs' vague as-applied challenge to the regulation
will therefore be dismissed.

### 2. Second Amendment (Count II)

The Second Amendment to the United States Constitution
provides:

> A well regulated Militia, being necessary to the
> security of a free State, the right of the people to
> keep and bear Arms, shall not be infringed.

U.S. Const. amend. II.

The consumer plaintiffs contend that the regulation burdens
their Second Amendment rights because the vague regulatory
definition of "load indicator" prevents them from purchasing
Gen3/4 Glock pistols. They acknowledge, however, that although
the regulation renders two models of handguns unmerchantable in
Massachusetts, it otherwise permits the purchase of a variety of
handguns with appropriate safety devices.

Defendant responds that the load indicator regulation does
not implicate the Second Amendment because it does not impinge
on the right to bear arms in self-defense. She avers, moreover,
that even if it does, the regulation withstands constitutional
scrutiny. The Court agrees.

-14-

The United States Supreme Court has held that the "core" of
the Second Amendment protects a citizen's right to keep and bear
arms for self-defense in the home. Dist. of Columbia v. Heller,
554 U.S. 570, 630, 635 (2008); United States v. Barton, 633 F.3d
168, 170 (3d Cir. 2011) ("At the core of the Second Amendment is
the right of law-abiding, responsible citizens to use arms in
defense of hearth and home" (internal quotations and citation
omitted)).  It does not guarantee "a right to keep and carry any
weapon whatsoever in any manner whatsoever and for whatever
purpose." Heller, 554 U.S. at 626.  The Heller Court provided
examples of "longstanding" restrictions that were "presumptively
lawful" under the Second Amendment, such as 1) laws prohibiting
the possession of firearms by felons and the mentally ill, 2)
laws forbidding the carrying of firearms in sensitive places
such as schools and 3) laws imposing conditions and
qualifications on the commercial sale of arms. Id. at 626-27 &
n. 26.

When analyzing challenges brought under the Second
Amendment, a majority of the courts of appeals inquire as to
whether the challenged law burdens conduct falling within the
Second Amendment's protection and, if so, whether the law passes
constitutional muster under an appropriate level of means-end
scrutiny. See Davis v. Grimes, 2014 WL 1278082, at *10 (D. Mass.
Mar. 26, 2014) (noting that the Third, Fourth, Fifth, Sixth,

-15-

Seventh, Ninth, Tenth, Eleventh and D.C. Circuit Courts of Appeals have explicitly adopted the two-step inquiry).  Although the First Circuit Court of Appeals has not expressly adopted the two-step framework, its analysis of Second Amendment issues

> appear to fall under either the first or second step of the analysis performed by the other circuits.

Id.  In United States v. Rene E., for example, the court conducted an analysis similar to that performed by other circuits in the first step of the two-step inquiry and held that a statute criminalizing firearm possession by juveniles did not violate the Second Amendment because it was one of the "longstanding prohibitions" that Heller found to be "presumptively lawful". 583 F.3d 8, 12 (1st Cir. 2009).

The regulation at issue requiring a load indicator or magazine safety disconnect in handguns sold or transferred in the Commonwealth similarly does not violate the Second Amendment for three reasons:

1.  The regulation fits comfortably among the categories of regulation that Heller suggested would be "presumptively lawful" because it "impos[es] conditions and qualifications on the commercial sale of arms." Heller, 554 U.S. at 626-27;

2.  The regulation does not substantially burden the right to bear arms in self-defense in one's home because the ban on two kinds of Glock pistols in no way prevents citizens from

-16-

obtaining a wide array of firearms. <u>See</u> <u>Kampfer</u> v. <u>Cuomo</u>, 993 F. Supp. 2d 188, 196 (N.D.N.Y. 2014) (dismissing a constitutional challenge to a state statute "because the provisions at issue attempt only to decrease in number certain firearms deemed particularly dangerous by the legislature for the sake of public safety, which interests are clearly advanced by the legislation, they do not infringe the Second Amendment right to keep and bear arms"); and

3.   Even if the regulation did impinge on Second Amendment rights, the Court finds that it passes constitutional muster under any standard of scrutiny.  The defendant has demonstrated a strong showing of a "substantial relationship" between the restrictions imposed by the regulation and the important government objective of protecting the safety of its citizens. <u>See</u> <u>United States</u> v. <u>Booker</u>, 644 F.3d 12, 25 (1st Cir. 2011).

Accordingly, Count II of the plaintiffs' complaint will be dismissed.

## ORDER

For the foregoing reasons, the defendant's motion to
dismiss (Docket No. 9) is **ALLOWED**.


**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated March 5, 2015

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

**Robert Draper, Ariel Weisberg,**
**Donna Major, Eric Notkin,**
**Robert Boudrie, Brent Carlton,**
**Concord Armory, LLC,**
**Precision Point Firearms, LLC,**
**Commonwealth Second Amendment,**
**Inc., and Second Amendment**
**Foundation, Inc.,**
                              **Plaintiffs,**


        v.                                        **CIVIL ACTION 1:14-12471-NMG**


  **Maura T. Healey,**
                         **Defendant.**


### ORDER OF DISMISSAL

    **Gorton     D.J.**


      In accordance with the Court's Memorandum and Order (dkt. no. 45)  dated

3/5/2015, granting the defendant's Motion to Dismiss (dkt. no. 9),  it is hereby ORDERED

that the above-entitled action be and hereby is DISMISSED.


    **3/5/2015**                                        **By the Court,**
            **Date**


                                                 **/s/Christopher Danieli**
                                                 **Deputy Clerk**

27

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **(1)  ROBERT DRAPER;** | Civil Action No. |
| **(2)  ARIEL WEISBERG;** | **1:14-CV-12471** |
| **(3)  DONNA MAJOR;** | |
| **(4)  ERIC NOTKIN;** | |
| **(5)  ROBERT BOUDRIE;** | |
| **(6)  BRENT CARLTON,** | |
|     *collectively, the* | |
|         "**CONSUMERS**", *and* | |
| | |
| **(7)  CONCORD ARMORY, LLC;** | |
| **(8)  PRECISION POINT FIREARMS, LLC,** | |
|     *collectively, the* | |
|         "**DEALERS**", *and* | |
| | |
| **(9)  SECOND AMENDMENT FOUNDATION, INC.,** | **NOTICE OF APPEAL** |
|                           Plaintiffs | |
| **V.** | |
| **MAURA HEALEY** (substituted for former defendant MARTHA COAKLEY), | |
|     *in her official capacity as* | |
|         **ATTORNEY GENERAL OF MASSACHUSETTS** | |
|                           Defendant | |

**NOTICE IS HEREBY GIVEN** that individual plaintiffs **ROBERT DRAPER**; **ARIEL WEISBERG**; **DONNA MAJOR**; **ERIC NOTKIN**; **ROBERTY BOUDRIE** and **BRENT CARLTON** (collectively the "CONSUMERS"), business entities **CONCORD ARMORY, LLC** and **PRECISION POINT ARMORY, LLC** (collectively the "DEALERS"), and non-profit organization **SECOND AMENDMENT FOUNDATION, INC.** hereby appeal to the United States Court of Appeals for the First Circuit from the Order of Dismissal entered in this action on 5 March 2015.

Respectfully submitted,

Dated:  3 April 2015.

**ROBERT DRAPER;  ARIEL WEISBERG; DONNA MAJOR;  ERIC NOTKIN;  ROBERT BOUDRIE;  BRENT CARLTON;  CONCORD ARMORY, LLC;  PRECISION POINT FIREARMS, LLC, and SECOND AMENDMENT FOUNDATION, INC.**

By and through their attorney of record

**/s/ Alexander A. Flig**

Alexander A. Flig, Esq (BBO #669132)
490 Chapman Street, Suite 201
Canton, Massachusetts 02021-2039
Telephone:     (781) 352-7260
Facsimile:     (781) 583-5080
E-Mail:     alex@fliglaw.com