

THE COMMONWEALTH OF MASSACHUSETTS
OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108

MAURA HEALEY
ATTORNEY GENERAL

TEL: (617) 727-2200
www.mass.gov/ago

March 22, 2016

Margaret Carter
Clerk of Court
United States Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02110

Re: Draper et al. v. Healey, Appeal No. 15-1429

Dear Ms. Carter:

I write in response to the letter submitted by the appellants pursuant to Fed. R. App. P. 28(j).

1. Appellants' letter should not be accepted by this Court because it does not comply with Rule 28(j). The letter does not identify any "pertinent or significant authorities" that have "come to [appellants'] attention" after oral argument, as required by Rule 28(j). Fed. R. App. P. 28(j). Instead, the letter disputes the appellee's description of the certification process authorized by 940 C.M.R. § 16.04(3). This Court has explained that it is an "improper use of Rule 28(j) to raise additional argument and evidence." *United States v. Rodriguez-Lozada*, 558 F.3d 29, 38 n. 4 (1st Cir. 2009).

2. In any event, appellants' Rule 28(j) letter is incorrect. As explained during oral argument, under 940 C.M.R. § 16.04(3), "[t]he Attorney General may require that the handgun-purveyor, or the entity testing the make and model in question on behalf of the handgun-purveyor, provide a sworn certification verifying that the make and model met the performance requirements." In practice, the Attorney General does require such certifications from handgun manufacturers. And, as part of that certification process, manufacturers of semiautomatic pistols may, and often do, include a certification that the pistol has a load indicator that complies with 940 C.M.R. § 16.05(3).

Respectfully submitted,

/s/ Julia Kobick
Julia Kobick
Assistant Attorney General
Government Bureau
(617) 963-2559

cc: Alexander A. Flig, Esq. (via ECF)