

THE COMMONWEALTH OF MASSACHUSETTS
OFFICE OF THE ATTORNEY GENERAL

ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108

MAURA HEALEY
ATTORNEY GENERAL

TEL: (617) 727-2200
www.mass.gov/ago

April 19, 2016

Margaret Carter
Clerk of Court
United States Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02110

Re:  Draper et al. v. Healey, Appeal No. 15-1429

Dear Ms. Carter:

I write in response to appellants' second letter submitted pursuant to Fed. R. App. P. 28(j).

Appellants refer this Court to *Caetano v. Massachusetts*, 136 S.Ct. 1027 (2016), a case that raised a Second Amendment challenge to a Massachusetts statute that prohibits civilian possession of stun guns and other electronic control weapons. The Supreme Judicial Court upheld the statute, concluding that stun guns are not "arms" within the meaning of the Second Amendment. *Caetano v. Massachusetts*, 26 N.E.3d 688 (Mass. 2015). In a per curiam decision, the Supreme Court granted the petition for review, vacated the judgment, and remanded for further proceedings. The Supreme Court held that Supreme Judicial Court's decision was inconsistent with *District of Columbia v. Heller*, 554 U.S. 570 (2008), because it examined whether stun guns were in common use at the Founding and whether stun guns are readily adaptable to use in the military.

In two respects, appellants' reliance on *Caetano* is misplaced. First, appellants rely entirely on Justice Alito's concurrence in the judgment, joined only by Justice Thomas. That concurrence, of course, is not the opinion of the Court, nor does it have precedential value. Appellants are wrong to refer to quotations from the concurrence as holdings in *Caetano* or as binding authority.

Second, *Caetano* has no bearing on this case. *Caetano* holds only that, in ruling that stun guns were not "arms" under the Second Amendment, the Supreme Judicial Court's reasoning was inconsistent with *Heller* in two narrow respects. In this case, the Attorney General has never disputed that Glock pistols are among the "arms" referred to in the Second Amendment. But that is irrelevant, because 940 C.M.R. § 16.05(3) does not regulate Glock pistols specifically; rather, it imposes a safety-based condition on the commercial sale of arms by firearms dealers. Were

Glock, Inc. to add a regulation-compliant load indicator or magazine safety disconnect to its pistols, those pistols could be sold in Massachusetts. Moreover, Section 16.05(3) does not impair appellants' Second Amendment rights because they can obtain any number of regulation-compliant firearms or long guns for self-defense in their homes.

Respectfully submitted,

/s/ Julia Kobick
Julia Kobick
Assistant Attorney General
Government Bureau
(617) 963-2559

cc: Alexander A. Flig, Esq. (via ECF)