# United States Court of Appeals
## For the First Circuit

No. 15-1429

ROBERT DRAPER; ARIEL WEISBERG; DONNA MAJOR; ERIC NOTKIN; ROBERT BOUDRIE; BRENT CARLTON; CONCORD ARMORY, LLC; PRECISION POINT FIREARMS, LLC; SECOND AMENDMENT FOUNDATION, INC.,

Plaintiffs, Appellants,

COMMONWEALTH SECOND AMENDMENT, INC.,

Plaintiff,

v.

MAURA HEALEY, in her capacity as Attorney General of Massachusetts,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

Thompson, Circuit Judge,
Souter, Associate Justice,[*]
and Kayatta, Circuit Judge.

Alexander Aron Flig, with whom Law Office of Alexander A. Flig was on brief, for appellants.
Julia Kobick, Assistant Attorney General, with whom Maura Healey, Attorney General of Massachusetts, was on brief, for

---

[*] Hon. David H. Souter, Associate Justice (Ret.) of the Supreme Court of the United States, sitting by designation.

appellee.

Kimberly A. Mottley, with whom John E. Roberts, Laura Stafford, and Proskauer Rose LLP were on brief, for the Brady Center To Prevent Gun Violence, amicus curiae in support of appellee.

W. Daniel Deane, with whom David H. Tennant, Lynnette Nogueras-Trummer, Matthew Struhar, and Nixon Peabody LLP were on brief, for the Law Center to Prevent Gun Violence, amicus curiae in support of affirmance.

---

June 17, 2016

---

**SOUTER**, **Associate Justice**.  A Massachusetts regulation makes it "an unfair or deceptive practice," and thus a violation of state law, "for a handgun-purveyor to transfer or offer to transfer to any customer located within the Commonwealth any handgun which does not contain a load indicator or magazine safety disconnect."  940 Mass. Code Regs. 16.05(3).  Under the state Attorney General's regulatory definition, a "load indicator" is "a device which plainly indicates that a cartridge is in the firing chamber within the handgun."  Id. 16.01.

In response to enquiries, the Attorney General (defendant-appellee here) informed various firearms dealers and consumers that Glock, Inc.'s third and fourth generations pistols lack an adequate load indicator.  Some dealers and consumers, joined by two advocacy groups, brought a pre-enforcement action under 42 U.S.C. § 1983 challenging the constitutionality of the load indicator requirement as being unenforceably vague in violation of Fourteenth Amendment due process; the consumers added a complementary claim that the requirement violates the Second Amendment by preventing them from purchasing third and fourth generations Glocks.

The district court granted the AG's motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and (6).  It determined that the two advocacy groups lacked standing and that the dealers and consumers failed to state a claim subject to

- 3 -

relief. The dealers, consumers, and one of the advocacy groups appealed. We review the grant of the motion to dismiss de novo, Chiang v. Skeirik, 582 F.3d 238, 241 (1st Cir. 2009), and affirm.

To begin with, the advocacy group, Second Amendment Foundation, Inc., lacks standing to sue. It seeks to assert associational standing on behalf of its members, which requires, among other things, that at least one of the group's members have standing as an individual. Town of Norwood v. F.E.R.C., 202 F.3d 392, 405-06 (1st Cir. 2000). To satisfy this requirement, the association must, at the very least, "identify [a] member[] who ha[s] suffered the requisite harm." Summers v. Earth Island Inst., 555 U.S. 488, 499 (2009); see also id. at 498 (discussing requirement of naming one or more affected members).

Here, the complaint did not identify any member of the group whom the regulation prevented from selling or purchasing a Glock. The group submitted an affidavit asserting that many of its members asked it to take legal action challenging the regulation, but the Supreme Court has said that an affidavit provided by an association to establish standing is insufficient unless it names an injured individual. Id. at 498.

The advocacy group says that it was premature to dismiss it from the action at the pleading stage, before discovery had commenced. But "where standing is at issue, heightened specificity is obligatory at the pleading stage. . . . The complainant must

- 4 -

set forth reasonably definite factual allegations, either direct or inferential, regarding each material element needed to sustain standing." United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir. 1992).  And why the advocacy group would have needed formal discovery to identify which of its own members may have been injured by the regulation is a mystery the group leaves unsolved.

We now turn to the dealers' claim that the load indicator requirement is vague in violation of due process, a constitutional claim eligible only for as-applied, not facial, review.  United States v. Zhen Zhou Wu, 711 F.3d 1, 15 (1st Cir. 2013) ("Outside the First Amendment context, we consider whether a statute is vague as applied to the particular facts at issue . . . ." (emphasis in original) (internal quotation marks omitted)).  As relevant to the dealers' as-applied challenge here, a regulation may be void for vagueness in violation of due process if in the circumstances it "fails to provide a person of ordinary intelligence fair notice of what is prohibited."  F.C.C. v. Fox Television Stations, Inc., 132 S. Ct. 2307, 2317 (2012) (internal quotation marks omitted).  "Fair" notice is understood as notice short of semantic certainty.  Because "words are rough-hewn tools, not surgically precise instruments[,] . . . some degree of inexactitude is acceptable in statutory language. . . .  [R]easonable breadth in the terms employed by an ordinance does not require that it be invalidated on vagueness grounds."  URI Student Senate v. Town Of Narragansett,

631 F.3d 1, 14 (1st Cir. 2011) (citations and internal quotation marks omitted).

Here, the dealers, who were informed that the AG took the position that the Glocks violated the regulation, take aim at the phrase "plainly indicates" in the definition of load indicator: "a device which plainly indicates that a cartridge is in the firing chamber."  But this definition provides anyone of ordinary intelligence fair notice that what is required is a readily perceptible signal that a loaded gun is loaded.  Indeed, the phrase "plainly indicates" offers just as much notice as others we have upheld against vagueness challenges.  See, e.g., id. at 15 (ordinance prohibited any gathering that "constitutes a substantial disturbance of the quiet enjoyment of . . . property in a significant segment of a neighborhood" (emphases added)); United States v. Lachman, 387 F.3d 42, 45 (1st Cir. 2004) (regulation required license for export of "specially designed . . . components" of equipment used in constructing rockets (emphasis added)).  And it is equally clear that the AG was on firm ground in concluding that the Glocks at issue violate the regulation.  The record contains photographs of their load indicators in both the "loaded" and "unloaded" positions, and the differences, far from being "plain," are discernable only to the careful and discriminating eye.

Perhaps it is a sense of the weakness of their position that leads the dealers to argue, in effect, that fair notice requires the Commonwealth to provide something approaching a design specification: if the Commonwealth wishes to require load indicators that "indicate plainly," the Commonwealth ought to supply the industry with a graphic plan or blueprint. But if due process demanded any such how-to guide, swaths of the United States Code, to say nothing of state statute books, would be vulnerable. See, e.g., 21 U.S.C. § 209 ("[T]he box, bottle, or other package shall be plainly labeled with the name of the substance [and] the word 'Poison' . . . ." (emphasis added)); Kimble v. Marvel Entm't, LLC, 135 S. Ct. 2401, 2412 (2015) ("Congress . . . intended [the Sherman Act]'s reference to 'restraint of trade' to have changing content, and authorized courts to oversee the term's dynamic potential." (some internal quotation marks omitted) (quoting 15 U.S.C. § 1 (prohibiting "[e]very contract . . . in restraint of trade"))); N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 655 (1995) ("If 'relate to' [in ERISA's pre-emption provision] were taken to extend to the furthest stretch of its indeterminacy, then for all practical purposes pre-emption would never run its course, for '[r]eally, universally, relations stop nowhere.'" (quoting 29 U.S.C. § 1144(a) (preempting state laws "insofar as they . . . relate to

any [ERISA] plan"), and H. James, Roderick Hudson xli (New York ed., World's Classics 1980) (1875))).

That leaves the consumers' Second Amendment claim, which they stipulate is "derivative" of the dealers' claim of a due process violation. It is not clear what a "derivative" Second Amendment claim might be, but we accept the consumers' stipulation as conceding that dismissal of the due process claim requires dismissal of their Second Amendment claim as well. We find no such merit in the appellants' remaining arguments as would call for extended discussion.

AFFIRMED.